57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Deana JETT, Plaintiff-Appellee,
v.
Mark MCCARTER, Defendant-Appellant.,
 No. 94-6310.
 United States Court of Appeals, Sixth Circuit.
 June 5, 1995.
 
 Before: SUHRHEINRICH, and DAUGHTREY, Circuit Judges, and HEYBURN, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant-appellant, Mark McCarter, a former police officer accused of violating the plaintiff's Fourth Amendments rights by subjecting her to excessive force during a seizure, brings this interlocutory appeal challenging the district court's denial of qualified immunity. For the reasons stated below, we affirm the decision of the district court.
 
 
 2
 The plaintiff, Deana Jett, filed a complaint against Jefferson City, Tennessee, its police chief, Will Clark, and a former Jefferson City police officer, Mark McCarter, seeking damages in tort for assault and battery, and damages under 42 U.S.C. Secs. 1983 & 1985 for various constitutional violations stemming from an incident in which McCarter allegedly used excessive force against Jett. Jett later amended her complaint to allege greater factual detail and to include a claim under 42 U.S.C. Sec. 1988. In a pretrial order, the parties narrowed the issue to whether the defendants violated her Fourth Amendment rights.
 
 
 3
 Deana Jett claimed that when Cathy Gilbert "accosted" her at a shopping center, she called the police and Officer McCarter responded to the call. According to the complaint, McCarter "immediately took sides with Cathy Gilbert." Jett alleged that she tried to tell him that she was the one who had called the police, but that he abused her verbally and threatened to arrest her. She also alleged that McCarter "physically assaulted [her] by turning her around, pushing her up against the car, forcing her hands behind her back, handcuffing her, pushing her head onto the car, spreading her legs, and then physically searching her entire body." According to the amended complaint, another officer eventually arrived and helped Jett. Jett alleged that she suffered bruises and psychological damages from the incident. She also claimed that the incident occurred because of Jefferson City's "institutionalized practice" of abuse, which Police Chief Clark ratified.
 
 
 4
 The plaintiff later voluntarily dismissed her claims against Clark and Jefferson City. Officer McCarter then moved for summary judgment on the ground of qualified immunity, submitting excerpts from Jett's deposition, Clark's and his affidavits, and his responses to interrogatories. After reviewing the evidence, the court found no proof that the defendant believed the situation dangerous, no evidence of probable cause to search Jett for weapons, and no evidence that violence was needed to effect the search. It concluded that kicking a woman's legs apart and slamming her head into the car during a search, as Jett alleged, would be unreasonable. The court therefore denied McCarter's motion for summary judgment based on qualified immunity, finding that if the facts stated by Jett were proven to be true, McCarter would have violated Jett's clearly established constitutional rights.
 
 
 5
 In Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), the Supreme Court held that
 
 
 6
 government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.
 
 
 7
 Most legal rights are "clearly established" at some level of generality, however, and immunity would be impossible to obtain if a plaintiff was only required to cite an abstract legal principle that an official had "clearly" violated. Therefore, in Anderson v. Creighton, 483 U.S. 635, 640 (1987), the Court added that
 
 
 8
 [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, ... but it is to say that in the light of pre-existing law the unlawfulness must be apparent.
 
 
 9
 Under Anderson, a court must determine whether the official could have reasonably believed his or her actions lawful, in light of clearly established law and the situation at hand. Id. at 641.
 
 
 10
 In addition to these principles of qualified immunity, this court has said that
 
 
 11
 [w]hen a party moves for summary judgment [on qualified immunity grounds], the district court must determine ... whether the contours of the right that the government official allegedly violated was "sufficiently clear that a reasonable official would have understood that what he is doing violates that right" (citing Anderson, 483 U.S. at 640).... Since this inquiry will turn on the circumstances with which the official is confronted, and often on the information that he possesses, the district court must consider all the undisputed evidence produced as a result of discovery, read in the light most favorable to the nonmoving party. *** [S]ummary judgment would not be appropriate if there is a factual dispute ... involving an issue on which the question of immunity turns, such that it cannot be determined before trial whether the defendant did acts that violate clearly established rights.
 
 
 12
 Poe v. Haydon, 853 F.2d 418, 425-6 (6th Cir. 1988), cert. denied, 488 U.S. 1007 (1989) (emphasis added).
 
 
 13
 In applying these principles to a claim that a law enforcement officer used excessive force during a seizure, a district court must determine whether the official's conduct violated a clearly established right about which he should have reasonably known. In Graham v. Connor, 490 U.S. 386, 394 (1989), the Supreme Court stated that
 
 
 14
 all claims that law enforcement officers have used excessive force ... in the course of an arrest, investigatory stop, or other "seizure" or a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard ....
 
 
 15
 Thus, the court, in resolving a qualified immunity question, must decide, first, if the defendant violated the Fourth Amendment by acting unreasonably, and second, whether the defendant should have reasonably known that his behavior would violate the Fourth Amendment.
 
 
 16
 In this case, the defendant recognizes that he loses qualified immunity if the plaintiff can show that his conduct was unreasonable under the Fourth Amendment and that he reasonably should have known that his conduct was violating her Fourth Amendment right. Doe v. Sullivan County, Tennessee, 956 F.2d 545, 554 (6th Cir.), cert. denied, 113 S.Ct. 187 (1992). McCarter insists, however, that his actions were reasonable because he needed to separate the two women, to interview them individually, and to be cautious for his safety when the plaintiff interrupted him. After Jett threatened to leave, he argues, he was warranted in grabbing her and placing her in a position to be frisked because of his fear of being assaulted.
 
 
 17
 An analysis of McCarter's qualified immunity defense requires this court to ask whether he could reasonably have believed that his conduct was lawful under the clearly established principles of law in effect at the time of the seizure. At the time of the seizure, Graham stated that the constitutionality of a seizure depends on whether the amount of force McCarter used was reasonable. In this case, however, a genuine issue of material fact exists with respect to the amount of force McCarter used, and the necessity of that force. Because the nature of McCarter's actions are disputed, the reasonableness of his actions cannot be determined on motion for summary judgment. We therefore conclude that the district court did not err by denying McCarter qualified immunity.
 
 
 18
 The judgment of the district court is AFFIRMED, and the case is REMANDED for trial or for further proceedings.
 
 
 
 *
 The Honorable John G. Heyburn, II, United States District Judge for the Western District of Kentucky, sitting by designation